Next case is People in the State of Illinois v. Joey Ragusa Is it Brian? Go ahead. Okay. Sir, when you're ready, would you proceed? May it please the Court? Good afternoon, Your Honors, Counsel. My name is Brian Kollett. I represent the defendant, Mr. Joey Ragusa, in this matter. Following a lengthy jury trial, Mr. Ragusa was found guilty of the first-degree murder for allegedly burning James Garrison. On appeal, he raises two issues. One, that the circuit court erroneously allowed hearsay testimony into evidence. And two, whether the circuit court erroneously allowed a gruesome autopsy picture to be introduced to the jury. Today, Mr. Ragusa will briefly discuss, very briefly discuss, the second issue first, and then turn to the first issue. He'll devote the majority of his time. As a preliminary matter, Mr. Ragusa notes that he has filed a motion to cite additional authority requesting that this Court consider the case of People v. Taylor. And that's 50-ill-second-one-thirty-six. The State has had no objection to this motion. Briefly, after the second issue, Mr. Ragusa was without means to produce the color images shown to the jury. So he respectfully requests that each member of this panel view the color images that are contained in the record. Turning to the first issue raised on appeal, Mr. Ragusa argues that several statements constitute an inadmissible hearsay. Today, he will confine his argument to the properly preserved, most damaging statement. That is, that James Garrison told Officer Darren Redman that, A white guy and a black guy that I met at Lisa Marshall's house in a dark blue Corolla-type vehicle that was parked in front of her residence poured gasoline on me and caught me on fire. In other words, that Joey Ragusa and Benjamin Stiff murdered her. Procedural posture is important to this issue, so I'll try to go through it as briefly as possible. Prior to trial, the search court allowed the motion to eliminate, barring the State from introducing statements that Garrison made to John Dewage and to Officer Redman. We found that the statements made to Redman were not spontaneous declarations. The State appealed, specifically seeking review of Garrison's statements to Dewage and to Officer Redman. On appeal, however, the State could not raise the issue of whether Garrison's statements to Redman were improperly barred, thereby forfeiting review of this finding. This court reversed the court's ruling in regards to the statements to Dewage, but otherwise confirmed and remanded the cause for further proceedings. Then, on remand, on the second to last day of trial, after police officers had already discussed the course of the investigation, the State offered a brand new theory for admitting the statements Garrison made to Redman, that the statements were admissible to show the officer's course of the investigation. The State said it was not seeking to have the statements admitted as spontaneous declarations. Over defendant's objection, the court allowed Redman to relate the substance of Garrison's statements. After Redman related these statements by Garrison to the jury, the court said that it would have admitted the statements as spontaneous declarations, in light of this court's reasoning in the State appeal. Now, before this court, the State admits that Redman's relation of the substance of Garrison's statements to show his course of conduct was erroneous. Nevertheless, although the State had forfeited review of whether the statements constituted spontaneous declarations before this court, and specifically abandoned this argument before the circuit court on remand, the State asserts that the circuit court's sous-pente, after the fact, reversal of its previous position was correct. What's at issue here is the effect of the State's forfeiture of the argument on appeal. Mr. Ragusa maintains that it was either barred by the law of case doctrine or under the Taylor Rule. Here, under the law of case doctrine, the State had appealed the court's finding. It had the opportunity to challenge the court's decision, but it forfeited that argument that the statements to Redman were erroneously suppressed. This court reversed the circuit court's order as to the statements to do it, but otherwise affirmed the eliminated order, implicitly deciding the issue as to the statements to Redman. Thus, the circuit court was barred from reconsidering its findings under principles of collateral estoppel of the law of case doctrine. On the other hand, the State asserts that the circuit court could reconsider its findings at any time. However, the court was barred from reconsidering its prior order under the Taylor Rule. In Taylor, I'm sorry, this rule states simply that if the State may appeal an interlocutory order, it must do so or seek reconsideration within 30 days. Otherwise, the court cannot be revisited unless additional facts are discovered. In Taylor, Your Honor, the judge allowed the defendant's motion to suppress at a preliminary hearing. He was later indicted on the same facts that formed the basis of this motion to suppress. The defendant again moved to suppress the evidence, and the second judge allowed the motion, stating that the first order was binding. The Supreme Court agreed, stating that the State must appeal an appealable interlocutory order, and if it does not do so, the court's original order is binding in all subsequent proceedings. Here, the State did not kindly seek reconsideration. No new facts were presented, and therefore the Taylor Rule barred the sui sponde reconsideration of the issue. Consolidating these two lines of argument, either the State's failure to raise the specific finding at issue effectively amounted to a non-appeal, and therefore was barred under the Taylor Rule, or it was a forfeiture on appeal and a decision on the merits. There, it would be barred by the law of the case doctrine. In either event, the court should not have reconsidered the prior ruling. In conclusion, Your Honors, the Supreme Court erred in admitting the substance of Garrison's statements to red as evidence of the officer's force of conduct. The court could not revisit its previous order in the May after the State appealed because the State's forfeiture barred reconsideration of the issue under the law of the case doctrine. And the Circuit Court could not sui sponde reconsider its own decision three years after issuing the appealable interlocutory order under the Taylor Rule. Therefore, the Circuit Court erred in allowing Officer Redden to testify to the substance of James Garrison's statements. Mr. Garrison, do you have a question? No, thank you. For the foregoing reasons and for the reasons stated in his briefs on appeal, Mr. Reddison respectfully requests that this Honorable Court reverse his conviction and remand the matter for a new trial. Thank you. Mr. Daly? Thank you. Good afternoon, Your Honor. I want to elaborate a little bit on the facts leading up to where we are in particular with respect to the State's initial interlocutory appeal on this case. It gives a little context to what happens when this case comes up for trial. The defendant filed a motion to eliminate. And the eliminating motion challenged the statements from the victim to Deutch, who was a neighbor of the victim's, and to Officer Redden. Now, what had happened was that Deutch had come to Redden's home after he was on fire, had been burned, and related statements to Deutch about what had happened. The officer arrived, I believe the record shows, approximately three minutes after the phone call was made or after. It was almost very soon after the victim had arrived at Deutch's residence. So there was certainly a closeness in time between the statements that were given to Deutch and then to Redden. Now, the defendant challenged that. The State had two essential theories. It was going to go by a dying declaration, spontaneous others. The court found that it was neither the statements to Deutch nor to Redden were admissible under either of those theories. The State then appealed that. But the only thing that they challenged on appeal, for reasons I don't know, was the court did uphold the finding in regards to the dying declaration.  As far as the spontaneous utterance is concerned, the court held that while it was not a correct ruling with respect to Mr. Deutch, because they met the criteria for what would qualify as a spontaneous utterance, the State did not raise that. The trial court's ruling with respect to Officer Redden, so it was just sort of left hanging. Unfortunately, Mr. Deutch died before trial, thus leaving the State in the position of only having Officer Redden. Counsel is correct in that the State did come before the court and said, okay, well, we have another theory we want to pursue. It's going to be the courts of conduct, investigation, exceptions of the hearsay rule. Judge Hackett, who I believe has been the judge on this case from the beginning, said, well, I don't know if we have a ruling on this. I've never taken an appellate ruling with regards to the spontaneous utterance with respect to Officer Redden. And the State said, well, this is what the court ruled, and I'm not going to feel like I'm in a position to alter that. And you'll see in the record when you read that there's a lot of, I suppose, musing by the court about, hmm, am I really bound by the ruling? I mean, I doubt there were this appellate court decision that's laid out in legal and factual detail, how it looks like I was wrong and that there's really no difference. It seems factual between Deutch and Redden. But the State, only at one point, I would note that the State said, well, you know, gee, Judge, if you're going in this direction, maybe you should reconsider. That's really sort of the extent of it. So the State never actively attempted to relitigate this issue before the circuit court. It was more of Judge Hackett kind of bringing it up of his own accord and then musing about it. Ultimately, the judge allowed the State to proceed with the courts of conduct argument. I believe that under the cases, people versus Gottschall and others, I don't have any choice but to admit the State's evidence. And that particular hearsay exception premise was too much. You're allowed to show detail. You're allowed by the officer to say this is what I did next. Here they present an identification testimony of the victim, which is, of course, central to the issue. The car, the residence, the next-door neighbor, all that kind of thing. I don't really have – there's not really a good argument to make in support of that. What I would urge you on is to find that it doesn't really matter. Because in this case, it wasn't even admissible under that sort of limited circumstance. It was substantively admissible because it qualified as an excited evidence. What happened after the court had made that ruling with regards to the courts of conduct investigation, it said, oh, by the way, I want to make it clear for the record, I'm finding the statements of the victim admissible as an excited evidence. As I read this court ruling, I see that there's really no factual distinction between Deutch and Redden, and I'm going to allow that to come in anyway. Although, as the trial progressed, the court did give the limited instructions as it would relate to the courts of conduct application, the statement itself. So the defendant cites, as supplemental authority, Peeble v. Taylor. The state has cited Peeble v. Williams as a counter-additional site. The court's already ruled in my motion, and I have no objection to the defendant's. It's developed what's been called the Taylor rule. To maybe phrase it this way, Taylor has been characterized as kind of a kissing cousin of Reyes-Judicata. It's not Reyes-Judicata. It's not law of the case. It's something in and of itself, but it bears a lot of similar homonyms. Now, when you read Taylor, there's only really one line where this Taylor rule comes from, and it's spawned a lot of discussion in Supreme Court cases subsequent to it. And it says, the order in quashing the search warrant and suppressing the evidence is therefore an appealable order. Okay, so you have an appealable order. This case came out with sort of the inception of Rule 604. And it said the state elected not to appeal. Under the rationale of Peeble v. Exrell, McMillian, and Quintana, the state cannot now have this order reviewed by another trial judge. So the framework for this is that the state's attempting to relitigate this before another judge. Okay? And how those Taylor rules developed over the course of case law is that it becomes almost sort of a jurisdictional type of proposition that the state can seek reconsideration of an interlocutory order that's appealable by Rule 604, which certainly is in limiting motion in cases like Peeble v. Drum was appealable by the state. But after that, the Taylor rule basically bars a party from opening and reopening that case and relitigating it. The reason I say Peeble v. Williams is it sort of goes into an examination of what that court characterized as kind of a tension between the rule that a court is allowed to reconsider any of its pretrial rulings, including suppression rulings, while that court still has jurisdiction prior to the final judgment of the case. Certainly, the court's ruling on an in-limiting motion is not a final order with respect to the case. It was a final order with respect to Rule 604. But that's a special interlocutory appeal rule that the Supreme Court has had to put in place. As you read the language of Williams, and it says here, well, we have—I'm going to turn the relevant page here. It starts out by sort of phrasing this sort of tension between, you know, can the court reconsider its own rulings, and what does Rule 604 and what does the state obligation to appeal interlocutory rulings mean? It says, well, the party's controversy was seen to present an interesting clash of legal rules springing from a metaphysical or semantic dispute about decision-making. Metaphysical or not, the court says, well, let's see what we can resolve. Because it says that if an order is appealable, why not, and no timely reconsideration is obtained from the judge who entered it or from that judge's successor, but to satisfy the party's remedies of appeal, not relitigation before a second court or judge. Okay? And so it's crystallizing Taylor in the sense that while we're not getting away from the notion that a court is allowed to reconsider its orders, there are limitations in the vein of state religion that bind us to the ruling of the court, that bars the party from reopening the issue before the court. As this court goes on and examines this in this Williams case, you will see that it discusses cases and its analytical framework is all based upon a party attempting to relitigate an issue before another judge. Now, the legal debate, I suppose, that could stem from this is what does this mean with regards to the same judge? Because there is also a case law that says that, well, you have 30 days to bring this before the same judge or a successor judge, and the Taylor rule doesn't go into effect. Our position, I suppose, if you look at this case, is this. Maybe we don't even need to get into that kind of debate because there's been no attempt, and the defendant's argument seems to forcefully emphasize the fact that the state has abandoned the issue of whether or not there was a spontaneous utterance. If that's true, and it's the case that the court did sui sponte bring it up, I think it bolsters the notion that the state had not attempted to relitigate this before the same judge or another judge, certainly in that case. So it constitutes really a pure issue here of the judge reconsidering its own ruling while still as jurisdiction. And I don't see that there's anything in the Taylor rule or in Williams or in any of the cases that this court may wind up examining that precludes the court from doing so. It's obviously a significant issue for this court to consider because I think that once you get to the issue of whether or not there was a spontaneous utterance, I think the facts are rather compelling. What you have is you have the victim coming over to the residence. He had been on fire. When Officer Redding got there, he was laying on the bed, and he was screaming and crying in pain. His skin was blistering. It's a horrible thing, and when you see the autopsy photos, you'll know exactly what I'm talking about. Your Honor, just to summarize, I'd ask the court to take a careful look at what I think the Taylor rule is really sort of the issue that we have here. And how that's been interpreted by subsequent authority, and whether or not there's anything in that that bars the court from reconsidering its own rulings. Or is it a jurisdictional impediment to the state for re-litigating an issue after 30 days was fired for another judge? That, again, happened in this case. I believe it was perfectly appropriate for the circuit court to reconsider its own ruling. It did qualify as an excited utterance and therefore was admissible subsequently. Thank you for your time.  Rebuttal? Yes, Your Honor. Your Honor, the Taylor rule is quite clear. The state has to appeal the final interlocutory order, or it has to seek reconsideration within 30 days. It's simply clear. In Williams, one judge suppressed statements of the defendant. The state appealed, but later dismissed the appeal. A year later, the state filed a motion to reconsider before a judge that was sitting in the first judge's step. The second judge allowed the statement to put on a different legal theory than the one presented to the first judge. The Supreme Court held that the second judge erred in reconsidering the evidence because the issue had already been litigated. The court did not say that the state was barred from asking the judge to reconsider it. It held that the judge was erred in reconsidering the period. The court further noted that the Taylor rule applies to issues that could have been raised in the proceeding resulting in the initial order. The state argues here that it makes a difference because there are two judges involved in these cases. None of the cases that cite Taylor hold that it simply involves two separate judges. Indeed, in Williams, Williams cited the case of De Jesus where the court had found that the state was judge shopping. But Williams said that that really doesn't matter. That's not important. What is important is that the state failed to seek reconsideration within 30 days and failed to file an appeal. So there's nothing barring, I mean, there's nothing stating that this rule solely applies when two separate judges are involved. It should be applicable when only one judge is involved. The Taylor rule is quite clear. If there are no questions, Your Honors. Thank you. Thank you. Thanks to each of you for your arguments this afternoon. We'll take the matter under advisement to provide you with a decision as early as possible.